**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

PHILLIP L. DAUGHERTY,
*Defendant-Appellant.*

No. 00-4364

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JAMIE TRESSA BUMPUS,
*Defendant-Appellant.*

No. 00-4365

Appeals from the United States District Court
for the Southern District of West Virginia, at Charleston.
John T. Copenhaver, Jr., District Judge.
(CR-99-208)

Submitted: November 30, 2000

Decided: December 20, 2000

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

No. 00-4364 affirmed and No. 00-4365 dismissed by unpublished per curiam opinion.

**COUNSEL**

Gregory M. Courtright, COLLINS & COURTRIGHT, Charleston, West Virginia; Nathan A. Hicks, Jr., Charleston, West Virginia, for Appellants. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Phillip L. Daugherty pled guilty to conspiracy to distribute cocaine base (crack) in violation of 21 U.S.C.A. § 846 (West 2000), and was sentenced to a term of ninety-two months imprisonment. Jamie Tressa Bumpus pled guilty to one count of distributing crack in violation of 21 U.S.C.A. § 841(a) (West 2000), and received a sentence of twelve months and one day. Both appeal their sentences. Daugherty contends that the district court clearly erred in determining the amount of crack attributable to him for sentencing purposes and in denying him an adjustment for acceptance of responsibility. *U.S. Sentencing Guidelines Manual*, §§ 2D1.1, 3E1.1 (1998). Bumpus maintains that the district court incorrectly applied the guidelines when it denied her motion for a departure for duress and coercion. USSG § 5K2.12, p.s. We affirm Daugherty's sentence and dismiss Bumpus's appeal.

Daugherty acknowledged his responsibility for several grams of crack seized from the vehicle in which he was a passenger when he was arrested.* At his sentencing hearing, the government presented

---

*The car belonged to Levi Phillips, who cooperated with investigators and testified before a grand jury, then became a fugitive before Daugherty was sentenced.

evidence of additional amounts of crack attributable to Daugherty through the testimony of Lisa Gibson, a paid informant. Gibson was extensively cross-examined and questioned by the district court judge. She maintained consistently that she bought crack worth $10, $20, and $50 from Daugherty five to ten times, that she had seen him on other occasions with a plastic sandwich bag containing crack, had seen him cooking crack once, and afterward had seen him with a two-inch cookie of crack. Daugherty testified that he sold Gibson $20 worth of crack twice in 1996, but had not seen her after that until the day he was arrested, when she came to his house as he was leaving. The district court found Gibson's testimony more credible than Daugherty's. The credibility of a witness is a matter for the factfinder, and is not susceptible to review. *United States v. Feurtado*, 191 F.3d 420, 424 n.2 (4th Cir. 1999), *cert. denied*, 120 S. Ct. 1840 (2000). Based on Gibson's testimony, the district court determined that Daugherty was responsible for 17.18 grams of crack. The district court's determination of this factual issue is reviewed for clear error. *United States v. Randall*, 171 F.3d 195, 210 (4th Cir. 1999). Given that the district court found Gibson's testimony credible, we cannot say that the court clearly erred in finding that Daugherty was responsible for 17.18 grams of crack.

The district court found that Daugherty had falsely denied relevant conduct for which he was accountable and, on that basis, held that he had not accepted responsibility. *See* USSG § 3E1.1, comment. (n.1(a)) (defendant who falsely denies relevant conduct that district court determines to be true acts in a manner inconsistent with acceptance of responsibility). We do not find that the district court clearly erred in so finding. *See United States v. Ruhe*, 191 F.3d 376, 388 (4th Cir. 1999) (providing standard).

Bumpus, who lived with Daugherty, presented evidence at her sentencing that Daugherty abused her, and requested a downward departure based on coercion and duress under USSG § 5K2.12. The district court found that the abuse had occurred, but that Bumpus's criminal conduct did not result from the abuse, and that a departure was not warranted. The district court's decision not to depart is not reviewable on appeal unless the district court's decision is based on a mistaken belief that it lacks authority to depart. *United States v. Brock*, 108

F.3d 31, 33 (4th Cir. 1997). Here, the record discloses no such mistake on the part of the district court.

We therefore affirm Daugherty's sentence and dismiss Bumpus's appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

No. 00-4364 — *AFFIRMED*
No. 00-4365 — *DISMISSED*